# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCELLUS A. JONES,

    Plaintiff,

    v.

JOHN WETZEL, et al.,

    Defendants.

No. 4:18-CV-02352

(Judge Brann)

## ORDER

### MAY 15, 2019

Marcellus A. Jones, a Pennsylvania state prisoner, filed this civil rights action alleging that numerous defendants violated his rights between January and October 2013.[1] In January 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court dismiss Jones' complaint on the ground that it is barred by the applicable statute of limitations, and such bar is apparent on the face of the complaint.[2] Jones filed timely objections to the Report and Recommendation after receiving two extensions from this Court.[3]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report

---

[1]   Doc. 1.
[2]   Doc. 12.
[3]   Docs. 16, 18, 19.

or specified proposed findings or recommendations to which objection is made.'"[4]

Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5]  After reviewing the record, the Court finds no error in Magistrate Judge Carlson's conclusion that Jones' complaint is barred by the applicable statute of limitations.[6]  Consequently, **IT IS HEREBY ORDERED** that:

1.  Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 12) is **ADOPTED**;

2.  Jones' complaint (Doc. 1) is **DISMISSED**; and

3.  The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[4]  *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[5]  28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6]  Although Jones contends that he diligently attempted to file a complaint but was obstructed from so doing by prison officials (Doc. 19 at 3), as Magistrate Judge Carlson observed, Jones was able to file two separate complaints between 2013 and 2018, which undermines any assertion that Jones could not file a complaint due to interference by prison officials. (Doc. 12 at 11).